IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HELEN K TIDWELL,

    Plaintiff,

v.                                        CASE NO. 4:17-cv-514-MW-GRJ

JULIE JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate presently confined at Gadsen Correctional Facility, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed as a pauper. (ECF No. 6.) Plaintiff's amended complaint, (ECF No. 10), is before the Court for screening pursuant to 28 U.S.C. § 1915A. The complaint stems from medical care, or lack thereof, for an abdominal hernia, a pre-cancerous skin condition, and Blephrospasm, a disease caused by trauma to the eyes.

Plaintiff executed the complaint under penalty of perjury. (ECF No. 10 at 11.) The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint

form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (*including habeas corpus petitions*), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." (*Id.* at 4–5.) The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*Id.* at 4.) In response to these questions, Plaintiff affirmatively represented that she had filed *no* prior state or federal cases. (*Id.* at 4–5.)

A review of the Court's PACER Case Locator reflects that, contrary to her sworn representations in the complaint, Plaintiff filed at least two prior federal civil cases that she failed to disclose: (1) *Tidwell v. Jones*, No. 5:16-cv-553-WTH-PRL, ECF Nos. 6, 8 (M.D. Fla. Oct. 11, 2016) (dismissing Plaintiff's complaint under 42 U.S.C. §1983 for failure to

comply with a court order);[1] and (2) *Tidwell v. Sec'y, Fla. Dep't of Corr.*, No. 8:07-cv-1390-JSM-MAP, ECF Nos. 27–28 (M.D. Fla. Apr. 2, 2009) (denying Plaintiff's petition for writ of habeas corpus under 28 U.S.C. § 2254). The Court confirmed that the plaintiff in these cases is the same as the plaintiff in this case, having been identified by her FDOC inmate number (H07116).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits .

---

[1] Notably, Plaintiff raised, essentially, the same claims against some of the same defendants as the instant case in case No. 5:16-cv-553-WTH-PRL.

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

. . ." *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form

could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. (ECF No. 11.) Plaintiff responded, representing that she inadvertently failed to disclose her prior cases because she had to rely on the law library for information due to her visions problems. (ECF No. 12.) She says that with respect to her § 1983 complaint in No. 5:16-cv-553-WTH-PRL, the law library informed her that the case did not count as a prior case because the court dismissed the case for failure to timely file a motion to proceed in forma pauperis. (*Id.* at 1–2.) With respect to her § 2254 petition in No. 8:07-cv-1390-JSM-MAP, the law library advised her that the petition was considered criminal litigation and not a civil case. (*Id.* at 2.) As discussed, however, misunderstanding the form—whether Plaintiff misunderstood or she relied on someone in the law library who misunderstood—does not excuse

Plaintiff's misrepresentations, particularly in light of the clear instructions on the form pertaining to initiating an action, habeas corpus petitions, and disclosing any cases about which Plaintiff is unsure. *See Redmon*, 2011 WL 576601, at *4. Furthermore, upon review of the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 18th day of January 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**